UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUAN C CALDERON,

            Plaintiff,

     v.

CDCR DIRECTORS & PRISON
EMPLOYEES UNION OR UNIONS,

            Defendant.

Case No.   25-cv-10696-JSC

**ORDER OF TRANSFER**

Plaintiff, a California prisoner proceeding without attorney representation, filed this civil rights action under 42 U.S.C. § 1983.  Plaintiff is located at the R.J. Donovon Correctional Facility ("Donovon") in San Diego, California.  He complains about the conditions of his confinement there.[1]  He names the Director of the California Department of Corrections and Rehabilitation ("CDCR") and "Prison Employees Union"[2] as Defendants.

When, as here, jurisdiction is not founded on diversity, venue is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).  When a case is filed in the wrong venue, the district court has the discretion either to dismiss the case or transfer it to the proper federal court "in the interest of

---

[1] Plaintiff makes a variety of complaints, including that Donovon officials denied him a tablet, interfered with his mail, assaulted him verbally and physically, "designed chemicals" to tamper with the food, water, and air, provided inadequate medical care, and engaged in racial discrimination.  (ECF No. 1.)

[2] The name of this union is the California Correctional Peace Officers Association.  *See* https://www.ccpoa.org/.

United States District Court
Northern District of California

justice." 28 U.S.C. § 1406(a).

Plaintiff's allegations arise out of events occurring at Donovon in San Diego County, which lies within the venue of the United States District Court for the Southern District of California. *See* 28 U.S.C. § 84. Defendants are located in Sacramento County, which lies within the venue of the United States District Court for the Eastern District of California. *See id.* Thus, under 28 U.S.C. § 1391(b), venue is proper in either the Southern or Eastern Districts of California, but not in the Northern District of California.[3] The interests of justice favor transfer to the Southern District because that is where the events complained about occurred and also where Plaintiff is located. Accordingly, pursuant to 28 U.S.C. § 1406(a), this case is TRANSFERRED to the United States District Court for the Southern District of California.

The Clerk of the Court shall transfer this matter forthwith. In light of this transfer, the Court defers to the Southern District for ruling on the motion for leave to proceed in forma pauperis.

The Clerk shall terminate docket numbers 2 and 6 from this Court's docket.

**IT IS SO ORDERED.**

Dated: February 26, 2026

_Jacqueline Scott Corley_

JACQUELINE SCOTT CORLEY
United States District Judge

---

[3] For the same reasons explained in the order transferring Plaintiff's recent civil rights, *Calderon v. Perez Brothers*, No. C 25-10561 JSC (PR), this district is also not the proper venue for this case because Defendants are not located here, the events or omissions giving rise to his claim did not occur here, the case does not concern property located here, and there is another district in which the action may be brought, *see* 28 U.S.C. § 1391(b)(1)-(3).

2