UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JUAN CALDERON,
CDCR #H-75038,

                                    Plaintiff,

              vs.

CDCR DIRECTORS; PRISON
EMPLOYESS UNION OR UNIONS,

                                    Defendants.

Case No.:  26-cv-01368-AJB-DEB

**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**

Plaintiff Juan Calderon, who is proceeding without counsel and incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, has filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] (Doc. No. 1.) However, Plaintiff has not paid the civil filing fee required by 28 U.S.C. § 1914(a) and is not entitled to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). Therefore, the Court **DISMISSES** his case.

///

---

[1]    This case was originally filed in the United States District Court for the Northern District of California and was transferred to this Court where venue is proper on March 3, 2026. (*See* Doc. Nos. 7; 8.)

1

**IFP MOTION**

**A.    Legal Standard**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350 fee, and those not granted leave to proceed IFP must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

For prisoners like Plaintiff, however, the Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 to preclude the privilege to proceed IFP:

> . . . if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Once a prisoner has accumulated three strikes, he is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1055 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that (they were) frivolous, malicious, or fail[ed] to state a claim,'" *Andrews*, 398 F.3d at 1116 n.1, "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee," *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a

26-cv-1368-AJB -DEB

dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (citation omitted).

### B.    Plaintiff's Prior "Strikes"

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, but "in some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). This is one of those instances, as a review of Plaintiff's district and appellate court dockets confirms he is no longer eligible to proceed IFP because while incarcerated, he has had more than three prior prisoner civil actions dismissed for a "qualifying reason" under § 1915(g). *Hoffman*, 928 F.3d at 1152.

Pursuant to Federal Rule of Evidence 201(b)(2), the Court may take judicial notice of the docket records in Plaintiff's prior cases. *See Andrews*, 398 F.3d at 1120; *United States v. Raygoza-Garcia,* 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.").

The following records are sufficient to show Plaintiff has six qualifying strikes:

(1)  *Calderon v. Allison*, No. 2:21-cv-01896-CKD P, 2023 WL 4906783, at *2 (E.D. Cal. Aug. 1, 2023) (Order and Findings and Recommendations ["F&Rs"] to dismiss Fourth Amended Complaint without leave to amend pursuant to 28 U.S.C. § 1915A(b)(1), (2), Fed. R. Civ. P. 8(a)(2), and for failure to comply with court orders) Doc. No. 31, *report and recommendation adopted*, No. 2:21-cv-01896-KJM-CKD P, 2023 WL 5534158 (E.D. Cal. Aug. 28, 2023) Doc. No. 36 (strike one);[2]

---

[2]    This case counts as a strike because the dismissal was based on Plaintiff's failures to state any cognizable claims for relief and "repeated violation[s] of Rule 8(a)." *Calderon v. Covello*, No. 2:23-CV-2049 WBS CSK P, 2024 WL 3296572, at *2 (E.D. Cal. June 25, 2024) (citing *Knapp v. Hogan*, 738 F.3d 1106, 1108–09 (9th Cir. 2013) (repeated violations of Rule 8(a)'s "short and plain statement" requirement

26-cv-1368-AJB -DEB

(2)  *Calderon v. Covello*, No. 2:23-cv-01973-JDP PC, 2023 WL 8358588, at *2 (E.D. Cal. Dec. 1, 2023) (Order and F&Rs to dismiss complaint without leave to amend for failure to state a viable claim under section 1983 pursuant to 28 U.S.C. § 1915A(b)) Doc. No. 15, *report and recommendation adopted,* No. 2:23-cv-01973-WBS-JDP PC, 2024 WL 53784 (E.D. Cal. Jan. 4, 2024) Doc. No. 16 (strike two);

(3)  *Calderon v. Bonta*, No. 2:23-cv-1065-DJC-DMC P, 2023 WL 8436101, at *2 (E.D. Cal. Dec. 5, 2023) (F&Rs to dismiss complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)) Doc. No. 23, *report and recommendation adopted,* No. 2:23- cv-1065 DJC DMC P, 2024 WL 643412 (E.D. Cal. Feb. 15, 2024) Doc. No. 26 (strike three);

(3)  *Calderon v. Bonta*, No. 2:23- cv-00212 KJM EFB PC, 2023 WL 4936700, at *2 (E.D. Cal. Aug. 2, 2023) (F&Rs to dismiss amended complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)) Doc. No. 17, *report and recommendation adopted,* No. 2:23-cv-00212-KJM-EFB (PC), 2024 WL 1313053 (E.D. Cal. Mar. 26, 2024) Doc. No. 32 (strike four);

(5)  *Calderon v. Covello*, No. 2:23- cv-1974 DB P, 2023 WL 8092432, at *3 (E.D. Cal. Nov. 21, 2023) (Order and F&Rs to dismiss without leave to amend for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)) Doc. No. 26, *amended report and recommendation adopted,* No. 2:23-cv-1974 DJC DB P, 2024 WL 1383658 (E.D. Cal. Apr. 1, 2024) Doc. No. 29 (strike five); and

(6)  *Calderon v. Bonta*, No. 23-2515, 2025 WL 2744678, at *1 (9th Cir. May 21, 2025) (dismissing appeal as frivolous pursuant to 28 U.S.C. § 1915(a), (e)(2)) (strike six).

Accordingly, because Plaintiff accumulated these prior qualifying strike dismissals while incarcerated, and as discussed below, fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C.

---

are strikes as "fail[ures] to state claim" when the opportunity to correct the pleading has been afforded and there has been no modification within a reasonable time), *report and recommendation adopted*, No. 2:23-CV-2049 WBS CSK P, 2024 WL 3845717 (E.D. Cal. Aug. 16, 2024).

§ 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").[3]

## C. Imminent Danger Exception

As noted above, once a prisoner has accumulated three or more strikes, § 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See Cervantes*, 493 F.3d at 1055. But § 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past harm or generalized fears of potential harm. *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring(ing)' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint."). A prisoner fails to meet the exception where claims of imminent danger are speculative, implausible, or conclusory. *Id.* at 1057 n.11. Rather, the "threat or prison condition (must be) real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations must be specific and credible, *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001).

Plaintiff's pleading fails to meet any of these requirements. While Plaintiff makes vague references to his ill health, which he states puts him at risk for infections, his allegations are merely speculatory. He also references a past assault in prison which occurred in 2021, but this is insufficient to show "imminent danger." "Although prison can undoubtedly be a dangerous place, incarceration alone does not satisfy the requirement of

---

[3] In fact, Plaintiff has been denied IFP privileges pursuant to § 1915(g) in both this Court and in the Eastern District of California before. *See Calderon v. Mencias,* No. 25-cv-03394-BTM-SBC, 2026 WL 473255, at *3 (S.D. Cal. Feb. 19, 2026) (Order denying leave to proceed IFP as barred by 28 U.S.C. § 1915(g)) Doc. No. 5; *Calderon v. Covello*, No. 2:24-cv-1309 CKD P, 2024 WL 4462335, at *2 (E.D. Cal. Sept. 4, 2024) (Order and F&Rs to deny leave to proceed IFP pursuant to 28 U.S.C. § 1915(g)) Doc. No. 7, *report and recommendation adopted,* No. 2:24-cv-1309 DJC CKD P, 2024 WL 4574119 (E.D. Cal. Oct. 24, 2024) Doc. No. 9.

'imminent danger of serious physical injury' for purposes of § 1915(g). Indeed, if it did, every prisoner would be entitled to IFP status and the exception would swallow the rule." *Parker v. Montgomery Cnty. Corr. Facility/Bus. Off. Manager*, 870 F.3d 144, 154 n.12 (3d Cir. 2017).

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" as defined by § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin*, 745 F.2d at 1231 (stating that "court permission to proceed in forma pauperis is itself a matter of privilege and not right.").

## CONCLUSION

For the reasons explained, the Court **DENIES** his IFP motion; **DISMISSES** this civil action *sua sponte* without prejudice for failing to prepay the $405 civil and administrative filing fees required by 28 U.S.C. § 1914(a); and **CERTIFIES** that any IFP appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated:  May 4, 2026

Hon. Anthony J. Battaglia
United States District Judge

6

26-cv-1368-AJB -DEB