UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN C. CALDERON, CDCR #H-75038, | Case No.: 26-cv-1368-AJB-DEB |
| Plaintiff, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| vs. | |
| | **(Doc. No. 12)** |
| CDCR DIRECTORS; PRISON EMPLOYESS UNION OR UNIONS, | |
| Defendants. | |

On December 15, 2025, Plaintiff Juan C. Calderon, a state prisoner proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983.[1] (Doc. No. 1.) Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing, but instead submitted Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. §1915(a). (Doc. No. 2.)

///

---

[1] This case was originally filed in the United States District Court for the Northern District of California and was transferred to this Court where venue is proper on March 3, 2026. (*See* Doc. Nos. 7; 8.)

1

26-cv-1368-AJB -DEB

On May 4, 2026, the Court denied Plaintiff's IFP motion after finding he was prohibited by 28 U.S.C. § 1915(g) from proceeding IFP in federal court due to having accumulated "three strikes," that is, three prior civil cases filed as a prisoner which were dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted." (Doc. No. 10 at 3–4 (quoting 28 U.S.C. § 1915(g)).) The Court noted that an exception applies where "the prisoner is under imminent danger of serious physical injury," but found the Complaint contained no such allegations. (*Id.* at 5–6.) The case was therefore dismissed for failure to satisfy the filing fee requirement. (*Id.* at 6.)

On May 28, 2026,[2] Plaintiff filed a letter in which he appears to argue he is entitled to proceed IFP despite having three strikes because he can satisfy the imminent danger exception under 28 U.S.C. § 1915(g). (*See* Doc. No. 12.) The Court will construe Plaintiff's letter as a Motion for Reconsideration of the Court's May 4, 2026 Order. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints.").

A motion for reconsideration is treated as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) where, as here, it is filed within 28 days of entry of the order challenged. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). A court may grant a Rule 59(e) motion if it "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014). But here, Plaintiff has no such showing.

Plaintiff contends reconsideration is required because he satisfies the imminent

---

[2]    Notations on the envelope in which the document was received indicate Plaintiff turned the document over to prison staff for mailing on May 28, 2026. (*See* Doc. No. 12 at 26.) Although the motion was not docketed until June 4, 2026, under the "mailbox rule," a document is deemed to be "filed" when prisoner delivers it to prison authorities for forwarding to the district court. *See Houston v. Lack*, 487 U.S. 266, 270–72 (1988); *see also Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) ("[T]he *Houston* mailbox rule applies to § 1983 suits filed by pro se prisoners.").

2

26-cv-1368-AJB -DEB

danger exception to § 1915(g). But as discussed in this Court's previous order, to do so his pleading must contain a "plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (quoting § 1915(g)). Imminent danger requires plausible allegations of harm "ready to take place," or "hanging threateningly over one's head." *Id.* at 1056. The exception "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm." *Hernandez v. Williams*, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021). Assertions of imminent danger may be rejected as overly "speculative or fanciful," or "conclusory or ridiculous." *Cervantes*, 493 F.3d at 1057, n.11; *see also White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998) (stating "vague and utterly conclusory assertions" of imminent danger are insufficient).

In his Motion, Calderon references only vague, conclusory and somewhat fanciful allegations of "imminent danger imminent danger of serious physical injury." For instance, he states he is "under some experiment by ex-President B. Obama and U.S. Senate." (Doc. No. 12 at 4.) He also states he is "dealing with serious health evil [sic] causation of painful illnesses," and "some experimental sexual situation." (*Id.* at 9.) In addition, he refers to health issues, including "abnormal mood disorders, bad humor or temper, irrational madness. . . intestinal illness…pain in joints, muscles [and] bones." (*Id.* at 4.) But these vague allegations are insufficient to plausibly allege Plaintiff faced "imminent danger of serious physical injury" at the time he filed his Complaint. *See Cervantes*, 493 F.3d at 1053, 1057 n.11 (stating assertions of imminent danger may be rejected as overly "speculative or fanciful," or "conclusory or ridiculous"); *see also Jones v. Messler*, 2023 WL 362503, at *2 (S.D. Cal. Jan. 23, 2023) (finding no imminent danger where prisoner's allegations "show no more than that he suffers from various chronic health conditions and that he disagrees with the course of treatment for those conditions"). Therefore, Plaintiff's Motion for Reconsideration is **DENIED**.

///

///

26-cv-1368-AJB -DEB

## CONCLUSION AND ORDER

The Court **CONSTRUES** Plaintiff's letter (Doc. No. 12) as a Motion for Reconsideration of the Court's May 4, 2026 Order Denying IFP and Dismissing the action pursuant to 28 U.S.C. § 1915(g). For the above reasons, the Court **DENIES** the Motion and the case remains dismissed. The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated: July 1, 2026

Hon. Anthony J. Battaglia
United States District Judge

26-cv-1368-AJB -DEB